(No. 956—)

LAMOREAUX BROTHERS COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 20, 1928.*

D. M. MURPHY, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLE-TON, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

On November 19, 1923, claimant entered into a contract to construct an earth roadway 32 feet wide and 15,287.8 feet long on State Bond Route No. 3 in Whiteside County. In the construction of that portion of the work between stations 507 and 592 it is claimed gumbo was encountered and that the work was thereby slowed down and made more expensive to do. It is alleged this additional expense amounted to $3,-411.45 and claimant has begun this action to recover that sum.

The Attorney General filed a demurrer to the declaration but before it was called to the attention of the court evidence was taken by both claimant and the State. The case will therefore be considered as though a general traverse had been filed.

The only evidence offered by claimant was the testimony of Henry Pickett and O. F. Goeke. This evidence shows that claimant did not do any of the work but sub-let it all to Mr. Pickett and that he then sub-contracted a portion of it to Bally Eddy. Claimant contracted to do the work for 31 cents per cubic yard for earth work and $2.00 per cubic yard for rock excavation. It sub-let the work to Mr. Pickett for 7% less than it had contracted to do it for and retained 7% of the

contract price as its profit on the work. It thus clearly appears that claimant was put to no extra expense by reason of the gumbo formation encountered in the work and suffered no loss by reason thereof, and that if any loss was suffered it was by the sub-contractors. It is a familiar rule that a litigant can not make one case by his pleadings and another by his evidence. The *allegata* and *probata* must correspond.

But we do not think claimant could recover even had the work been done by it. The State introduced in evidence the notice to bidders, the proposal or bid of claimant, the contract with claimant, its bond and the plans and specifications for the work. The notice to bidders states the proposed work was to be an earth roadway, gave the location of it and stated where the plans and specifications could be examined. The bid of claimant states it will do the work according to the plans and specifications, and declares it has examined the site of the proposed work to its satisfaction and has examined and is familiar with the provisions of the plans and specifications, and agrees to do the earth work at 31 cents per cubic yard and any rock work encountered at $2.00 per cubic yard. The contract signed by claimant recites that the notice to bidders, the proposal or bid of claimant, the plans and specifications for the work and the bond of claimant shall be and all are a part of the contract. The specifications require the contractor to furnish all materials and machinery necessary to do the work at his own expense. The specifications provide that earth excavation shall include the removal of all materials not provided for as rock excavation, and that rock excavation comprises detached boulders of at least one-half cubic yard and all material in compact beds or masses which requires continual drilling and blasting for removal. Under these provisions of the contract it is clear that claimant was not entitled to anything extra because gumbo was found. Gumbo is not rock, it is earth, and under the contract claimant was required to move it at the contract price of 31 cents per cubic yard. There is no basis upon which this claim can be allowed and it is therefore denied.